**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Dudley Wilkins COATES,
Defendant-Appellant.**

No. 77–5211.

United States Court of Appeals,
Fifth Circuit.

May 19, 1978.

David M. Ellison, Jr., Donald R. Smith, Baton Rouge, La., for defendant-appellant.

Edward L. Shaheen, U. S. Atty., D. H. Perkins, Jr., George H. Mills, Jr., Asst. U. S. Attys., Shreveport, La., for plaintiff-appellee.

ON PETITION FOR REHEARING
(Opinion December 29, 1977, 5 Cir., 1977, 566 F.2d 105).

Before COLEMAN, GODBOLD, and TJOFLAT, Circuit Judges.

PER CURIAM:

The appellant was tried before a magistrate, without a jury, and convicted under a one count indictment charging unlawful possession of more than the daily bag limit of ducks, in violation of 16 U.S.C. §§ 703 & 704 & 50 C.F.R. 20.35. In an unpublished per curiam opinion, we vacated the judgment of the court below and remanded the cause for further proceedings, in view of the uncertainty concerning whether appellant had timely consented to be tried before the magistrate, and, if he did consent, whether he waived his right to a jury trial.

The government has filed a petition for rehearing asking that we delete from the opinion the reference to uncertainty concerning waiver of jury trial on the ground that appellant had no right to a jury trial. The right to trial by jury, guaranteed by our federal Constitution, does not extend to petty offenses, defined to be those the penalty for which does not exceed six months or $500 or both. 18 U.S.C. § 1(3); *U. S. v. Floyd,* 477 F.2d 217 (CA10), *cert. denied,* 414 U.S. 1044, 94 S.Ct. 550, 38 L.Ed.2d 336 (1973). Appellant has responded with the argument that he was exposed to a penalty greater than six months and $500 and therefore did have a right to a jury trial, because it was charged in the indictment that appellant "did unlawfully possess more than the daily bag limit of ducks, to-wit: three (3) ringnecks, four (4) teal and two (2) gadwall," and the court might treat this as charging more than one offense and stack the penalties. Under Rule 8(a), F.R.Crim.P., more than one of-fense can be charged in a single count. But there can be only one punishment for the offenses stated in a single indictment or information in a seperate count for each offense. Thus the government's request that we delete from our prior opinion the reference to the right to jury trial must be granted.

In his reply to the government's petition for rehearing, appellant requests that if we conclude that he has no right to a jury trial we then proceed to decide the substantive issues presented in this appeal. In short, if he does not have a right to a jury, he waives the issue previously asserted of whether he timely consented to be tried before the magistrate. Having found that he has no right to a jury trial, we have acceded to this request and have considered the substantive issues. The admission made by the appellant when he and other persons were discovered with the ducks was incriminating and was not improperly induced or brought about. The evidence, including this incriminating admission, was sufficient to convict.

The petition of the United States for rehearing is GRANTED. The judgment of conviction is AFFIRMED.